IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ODESSA BROWN, II,<br><br>    Plaintiff,<br><br>  v.<br><br>BEN CURRY, Warden,<br><br>    Defendant.                   / | No. C 07-5770 CW (PR)<br><br>ORDER (1) VACATING ORDER DISMISSING PLAINTIFF BROWN'S ACTION WITHOUT PREJUDICE; (2) TO SHOW CAUSE; AND (3) DENYING REQUEST FOR CLASS CERTIFICATION |

    Plaintiff William Odessa Brown, II, is a prisoner of the State of California who is incarcerated at Calipatria State Prison in Calipatria. Plaintiff Brown filed this pro se civil rights case along with two other Plaintiffs. At the time they filed the complaint, Plaintiffs were confined at the Correctional Training Facility (CTF) in Soledad.

I.    Vacating Order Dismissing Plaintiff Brown's Complaint

    In an Order date January 11, 2008, the Court dismissed Plaintiffs' complaints for failure to provide proper in forma pauperis (IFP) applications. However, the record shows that Plaintiff Brown filed a complete IFP application on January 9, 2008. In view of this, it is clear that Plaintiff Brown's complaint was dismissed erroneously. Therefore, the Court's January 11, 2008 Order of Dismissal Without Prejudice is VACATED as to Plaintiff Brown's complaint.

II.  Request for Class Certification

Plaintiff Brown seeks to proceed on behalf of the class of all prisoners at CTF.  The prerequisites to maintenance of a class action are that: (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law and fact, (3) the representative party's claims or defenses are typical of the class claims or defenses, and (4) the representative party will fairly and adequately protect the class interests.  See Fed. R. Civ. P. 23(a).  As a matter of law, pro se prisoner plaintiffs are not able to fairly represent and adequately protect the interests of a class.  See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); Griffin v. Smith, 493 F. Supp. 129, 131 (W.D.N.Y. 1980).  "[A] litigant appearing in propria persona has no authority to represent anyone other than himself."  Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962).  Accordingly, Plaintiff Brown may not go forward with his complaint as a class action, and the request for class certification is DENIED.

III. Order to Show Cause

The Prison Litigation Reform Act of 1995 (PLRA) was enacted, and became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

2

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. See id. Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

Andrews requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. Id. Andrews implicitly allows the Court to raise the § 1915(g) problem sua sponte, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. See id. at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may

3

pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Plaintiff Brown's prior prisoner actions in this Court reveals that he has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff Brown is now given notice that the Court believes the following dismissals may be counted as dismissals for purposes of § 1915(g): (1) Brown v. Mule Creek State Prison, et al., No. 03-cv-02365-GEB-GGH (E.D. Cal. June 13, 2005) (civil rights complaint dismissed for failure to state a claim upon which relief may be granted); (2) Brown v. California Department of Corrections, et al., No. C 05-2067 CW (PR) (N.D. Cal. Jan. 25, 2006) (civil rights action dismissed for failure to state a claim); (3) Brown v. Salinas Valley State Prison, No. C 05-2776 CW (PR) (N.D. Cal. Jan. 25, 2006) (civil rights action dismissed as malicious). Plaintiff Brown therefore may proceed in forma pauperis only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). He is not.

In light of these dismissals, and because Plaintiff Brown does not appear to be under imminent danger of serious physical injury, he is ORDERED TO SHOW CAUSE why his IFP application should not be

4

1 denied and this action should not be dismissed pursuant to 28
2 U.S.C. § 1915(g).

CONCLUSION

1.  The Court's January 11, 2008 Order of Dismissal Without Prejudice is VACATED as to Plaintiff Brown's complaint.  The Clerk of the Court shall REOPEN the action filed by Plaintiff Brown.

2.  Plaintiff Brown's request for class certification is DENIED.

3.  Plaintiff Brown is ORDERED TO SHOW CAUSE in writing no later than thirty (30) days from the date of this Order why in forma pauperis should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  If Plaintiff Brown is so inclined, he may avoid dismissal by paying the $350.00 filing fee.  In any event, the Court will continue to review under § 1915(g) all future actions filed by Plaintiff Brown while he is incarcerated in which he seeks in forma pauperis status.

FAILURE TO FILE A TIMELY RESPONSE OR FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THE DISMISSAL OF PLAINTIFF BROWN'S ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF BROWN.

IT IS SO ORDERED.

DATED: 1/31/08

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WILLIAM BROWN et al,

        Plaintiff,

v.

BEN CURRY et al,

        Defendant.

Case Number: CV07-05770 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 31, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cesari Hardiman H02971
Correctional Training Facility
Hwy 101 P.O. Box 689
Soledad, CA 93960-0689

Curtis M. John-Charles T-56703
CTF-Soledad
P.O. Box 689
Highway 101 North
Soledad, CA 93960-0689

Curtis M. John-Charles T-56703
North Block; 5-N-89-U
San Quentin, CA 94964

William Odessa Brown K-93463
CAL
P.O. Box 5002
Calipatria, CA 92233-5002

Dated: January 31, 2008

                              Richard W. Wieking, Clerk
                              By: Sheilah Cahill, Deputy Clerk