1  William Brown K93463
2  PO Box 5004
3  Calipatria, CA 92233-5004
4  Petitioner, In Pro Per
5
6          United States District Court
7          Northern District of California
8
9  William Brown          Case No. C-07-5770 CW(PR)
10        Petitioner,
11
12  vs                     Plaintiffs Reply To
12  Bren Curry, Warden     Courts Order To Show
13        Defendants.      Cause
14  ──────────────────────
15
16     To The Honorable C. Wilken, District Judge:
17     Please Take Notice that the Plaintiff, William
18  Brown comes before the Court as Ordered
19  and moves this court addressing the in forma
20  pauperis (IFP) application as to whether
21  it should be granted.
22
23     However, in lieu of the Courts mitigating
24  circumstances, I'd Order 31 Jan 08, Petitioner
25  request to withdraw and dismiss this case.
26

                        -1-

1   In addition to the Plaintiffs request, the
2   Court has already determined that the Plaintiff
3   (Brown) had to be in "imminent" danger of
4   serious physical injury at the time of filing
5   of this suit, for this complaint to proceed and
6   the Plaintiffs allegations lack that criteria
7   or standard to base a claim.
8
9   Furthermore, Mr. Brown brings to the attention
10  of the Court and Plaintiff Curtis M. John-
11  Charles.
12      The Administrative Appeal that was filed
13  by Mr. Brown, in which is the foundation of
14  the Allegations based herein in this complaint
15  has been Granted in whole, "ONLY" as
16  to issues I-IV of the Appeal. The institution
17  (defendant) elected in not addressing the
18  backside of the attached or additional sheet
19  of paper. It was stated, "that or although the
20  Appellant has attached an additional page, the
21  institution elects in not addressing issues V-VII,
22  due to the fact that the additional sheet of
23  paper can only be front side and not backside."
24
25
26

However, pursuant to California Code of Regulations (CCR), title 15 section § 3084.2(a)(l) Appeal Preparation states the procedure for which an additional sheet of paper can be used.

Since this is policy, how is the institution electing to only address issues I-IV and ignore the rest of the complaint. The rest of this complaint deals with the issue of being Deliberately Indifferent or placing the Plaintiff's in waist restraints/hand cuffed while in a secured/locked holding cage for a period of two (2) hours or more.

Being placed in waist chains/hand cuffed in a secured/locked holding cage for a period of two (2) plus hours, lays claim for Deliberate Indifference or the allegations for the claim.

With this being said, it is the discretion of this Court as whether the Plaintiff can bring forth the allegation of deliberate indifference, however should the Court elect to dismiss this claim as to Mr. Brown, it should notify Plaintiff Curtis M. John-Charles

-3-

1  of the newly discovered information herein
2  this Reply and attached document. (Exh, A.)
3
4  Finally the administrative appeal that was
5  initiated by Mr. Brown has been Granted
6  at the First Level of Review, attached,[1] however
7  in this appeal the Defendants Eleverly refused
8  to address the other issues herein the appeal,
9  thus denying the Plaintiff his right to
10  challenge or contest the mere fact of
11  deliberately being left in waist chains and
12  hand cuffed in a locked holding cage, during
13  the duration of having Access to the Law Library
14  for two (2) plus hours.
15
16    The Defendant's have already conceded to
17  leaving the Plaintiff in this condition for a period
18  of eight hours — two- four (4) hour sessions,
19  this is not including the two (2) hour sessions.
20  see attached appeal CTF-S-07-03679 First
21  Level Response, (Exh. B.)
22
23
24  1 See Exh A.
25
26

1  In Conclusion the Court should grant the
2  Petitioners IFP and allowing Mr. Brown
3  to pursue his claim ~~for~~ or allegation for
4  deliberate indifference.
5      However it is the decision of the court
6  whether to accept the Plaintiffs request
7  to withdraw his complaint or deny his
8  request and grant his application, IFP.
9
10
11  Dated: 6 Feb 2008
12
13          Respectfully submitted,
14
15
16
17          William Brown
18
19
20
21
22
23
24
25
26

−5−

Administrative

Appeal

CTF-S-07-04222

# Exhibit

A

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**                Location: Institution/Parole Region       Log No. DEL 1 2007          Category  10-1
**APPEAL FORM**
CDC 602 (12/87)                   1. _____
                                  2. _____ CTF-S    07-04222

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| William Brown | K93463 | | CW 241 |

A. Describe Problem: In accordance with Ad-Seg Policy, individuals are only given access to the law library for only two (2) hours per week and on Mondays Only - Correct?

Problem or appellants Contentions:

(Please see Attached)

(This Appeal is in Pursuant to CCR 3084.2(f) Group Appeal)

If you need more space, attach one additional sheet.

B. Action Requested: Should any parts of this appeal be P. Granted define what is denied and what is granted; 2) That Ad-Seg inmates be given greater access to law library; 3) That when holidays & Fog Fall on Mondays that it is made up in a timely fashion; 4) When library does Not show up to run the library - that an replacement (see attached)

Inmate/Parolee Signature: _____Wm Brown_____    Date Submitted: 29 Oct 2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim                                    CDC Appeal Number:

RECEIVED
OCT 31 2007
CTF APPEALS

-7-

07-04222

First Level  ☒ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

E.  REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ OCT 31 2007 _____ Due Date: DEC 17 2007

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____  Title: VT _____  Date Completed: 12/7/07

Division Head Approved: _____  Returned

Signature: _____  Title: SCEV _____  Date to Inmate: 12 DEC 17 2007

F.  If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of
   receipt of response.

_____

_____

_____

_____

Signature: _____  Date Submitted: _____

====================================================================

Second Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

G.  REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____  Date Completed: _____

Warden/Superintendent Signature: _____  Date Returned to Inmate: _____

H.  If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of
   response.

_____

_____

_____

_____

_____

Signature: _____  Date Submitted: _____

====================================================================

For the Director's Review, submit all documents to:  Director of Corrections
                                                      P.O. Box 942883
                                                      Sacramento, CA 94283-0001
                                                      Attn: Chief, Inmate Appeals

.....................................................................

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter

                                                              Date: _____

CDC 602 (12/87)

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
CORRECTIONAL TRAINING FACILITY - SOLEDAD

SUPPLEMENTAL PAGE

**RE:**         Appeal Log No. CTF S-07-04222
                FIRST LEVEL RESPONSE
                BROWN        CDC K93463    HOUSING: (transpac to Calipatria SP on 12/05/07)

**APPEAL DECISION:**        GRANTED

**ISSUE APPEALED:**         LEGAL

In your appeal, you have requested the following:

1.  That Ag-Seg inmates be given greater access to the library
2.  When a holiday or fog count falls on a Monday, that law library time be made up; i.e.: Saturday's or the Tuesday following a holiday
3.  To be given access to the Library as needed based on your Legal Deadline Pass.
4.  Obtain copies of legal documents or be able to make requests for copies and have them returned to you.

It shall be noted that I/M Brown submitted a second page of comments and requests for actions to be taken in this appeal. These items I/M Brown numbered "4", which was continued on the second page of requests, and items V through VII also on the second page.

The instructions included with CDC Form 602 clearly state that there shall be *"no more than one additional page of comments"*. Based on these instructions for properly filed appeal formatting, the second page of comments and requests for action are not addressed in this appeal.

**APPEAL RESPONSE:**

Your appeal in its entirety was reviewed by the supervisory staff and has revealed the following:

1.  In October, 2007, two new librarians were added to the library staff at CTF, Soledad. The addition of these new staff members has since allowed greater coverage for the unforeseen absences of library staff, as well as increased library hours and weekend coverage. The expansion of Ad-Seg law library access is also being considered.
2.  Library access is based on established schedules and the most efficient and fairest access for *all* inmates. Altering these schedules due to unforeseen and commonly occurring situations, such as fog counts or holidays, would not provide more inmate access, but only shift the full schedule in favor of one segment of the population verses another.
3.  Library staff will honor legal deadline passes and allow you law library access based on these passes when presented.
4.  You have asked for information about obtaining copies of legal documents in at least two prior appeals: CTF-07-03679 and CTF-S-07-03858. At that time, it was determined that you had successfully asked for and received copies through the library. Housing staff will also deliver to the library requests for copies received on multi-purpose forms, available in the housing units.

Based on the supervisory review of all the appeal information, the following has been decided:

1.  It is *granted* that your request for greater Ad-Seg inmate access to the library will be considered.
2.  It is *granted* that library access hours based on established schedules will be followed as closely as possible, which includes consideration related to the safety and security of the institution and legal holidays.

December 17, 2007
SUPPLEMENTAL PAGE 1st LEVEL REVIEW
RROWN K93463 CTF S-07-04222

3. It is *granted* that you will be provided with access to the Law library based on your Legal Deadline pass. Records indicate that you have had access to the Law library on October, 29th, November 5th, and November 19th, 2007. You will be granted access on the next available Ad Seg law library date for Ad Seg inmates based on established procedures for the safety and security of the institution. Other institutions where you may be housed within the CDCR will grant you access to the library based on the established policy and procedures for that particular institution.

4. It is *granted* that you may obtain copies of legal documents and you may request copies of legal documents from your housing unit.

Therefore, based on the above information your appeal is *GRANTED.*

Reviewed By: _____
S. CAMPAIGNE
**Academic Vice Principal**
**Correctional Training Facility**

Approved By: _____
G. E. ATCHLEY, **Principal**
**Valley Adult School**
**Correctional Training Facility**

Since that access to the library is only on Mondays, library access is deliberately denied to individuals when a Holiday or fog count falls on that Monday. Basically I'm not afforded an opportunity to the law library for that week due to the Holiday or fog count. I _must_ wait until the following week for access, why can't A.D. Seg have access to the library before the Holiday (Sat) or after the Holiday (Tues)?

## II

When the librarian does not show up for work, (Mondays) also denies me (us) the opportunity for access to the library for that week.

## III

Furthermore, when you present staff-custody with your deadline documentation on the request forms, it's ignored and your still passed by for access to the library. Having a deadline does not give priority to library for A.D. seg inmates.

## IV

Also in obtaining copies of documents is hard to come by-if not next to impossible for the Courts and Defendants when you cannot gain adequate or meaningful access to the library, (law), for them. Their is No Librarian to pick up legal documents so they can be copied & returned. Sending legal documents through institutional mail-is a hazardous process-it spells disaster, documents come up missing, lost and/or what ever else that may happen to them, etc, etc. I've had documents come up missing -originals- when sent thru institutional mail.

-10-

## V

Furthermore this appeal arises out of the basically Different defunct library system that has been put into place for Ad-Seg inmates. An inmate access to the Courts i.e. legal library is not curtailed by his placement in Ad-Seg. Yet, inmates in Ad-Seg. are only allowed two (2) hours of library use per week and that usage is ONLY on Mondays.

If and when a holiday occurs or the librian does not show up! Ad-Seg inmates must and be forced to wait a whole week, for possible access; not withstanding the urgency of documents in which that have to be filed, and/or pending deadlines. In addition with the limited number of holding cages, inmates with deadlines or not, are deliberately made to wait for an opportunity (cycle) to gain access to the law library, (appox wait time 2-3 weeks), or with the frequencey of once every two weeks (not including the afromentioned delays). Also while in holding cages restraints are left on during the duration of access to the library for two (2) plus hours at times.

## VI

Due to the fact that the librian is the only one allowed in the library at the time Ad-Seg is present; inmates spend most of their time waiting for service from ONE person, who at best, is not capable of handling the load of making copies getting legal books, etc.; within the allotted time of two (2) hours, for eight people.

## VII

Last but not least, the Non-existence of a paging system. There is NO one trained in law who makes rounds in Ad-Seg to give an inmate adequate, meaningful access to the Courts. This process is Not given to Ad-Seg inmates. Thus hampering his ability to meet deadlines, file correct documents, to get copies, and doing any type of research.

## Action Requested Cont:
(Supervisor) run the library for Ad-Seg inmates; 5) that librian have assistance to run library when Ad-Seg inmates are present; 6) that an paging system be implemented rounds conducted twice a week for Ad-Seg by a person trained in law; 7) Remove Restraints while in holding cages; 8) allow ad-seg inmates to check out law books and afforded copies of legal cases needed

| CDC # | Name | Cell | Signature |
|-------|------|------|-----------|
| K93463 | William Brown | OW 241 | _William Brown_ |
| H02971 | Cesari Hardiman | OW-226 | _Cesari Hardiman_ |
| T.56703 | Curtis John-Charles | OW-239 | _Curtis John-Charles_ |

ORIGINAL  -11-

Supporting Documentation
Original

William Brown K93463

1) Sixth Appellate District, order issued 12 Oct 2007, deadline
1 Nov 2007, case No H031895, (Superior Ct. No. M82457). Brown vs M.S. Evans.

2) HC 5775, Monterey Superior Court, 24 Sept 2007 issued

3) HC 5775, Monterey Superior Court, 13 Sept 2007 issued

4) M83511, Monterey Superior Court, issued on 12 Oct 2007

5) USDC. N. Dist CA C 07-5339 CW(PR) issued 19 Oct 2007.

John-Charles, Curtis - T.56703

1) Eastern District Federal Court of California, order issued October 18,
2007, deadline November 18th, 2007, Case # CIV-S-05-0175/
2:05-cv-00175 MCE GGH P;

2) HC 5770, Monterey Superior Court, case pending & research needed

Hardiman, Cesari #H02971

1. Los Angeles County Superior Court # BA0233CS
pending extension of time.

-13-

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

WILLIAM ODESSA BROWN,
      Plaintiff and Appellant,

   v.

M. S. EVANS, et al.,
      Defendants and Respondents.

No. H031885
(Super. Ct. No. M82457 )

Court of Appeal - Sixth App. Dist.

**FILED**

OCT 1 2 2007

MICHAEL J. YEHLY, Clerk

By _____
          DEPUTY

BY THE COURT:

    Appellant's motion for an extension of time to file required documents is granted in part. Appellant is granted an extension of 20 days from the date of this order to file his designation of record in conformance with rules 8.120 or 8.124 of the California Rules of Court within 20 days from the date of this order. Appellant's "Notice to Proceed Without Transcripts" has been filed in the trial court as a notice to proceed without a reporter's transcript.

    In all other respects, the motion is denied.

Dated OCT 1 2 2007 _____     _____ P.J.
                                     RUSHING, P.J.

-13-

FILED

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

SEP 1 3 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
__S. GARSIDE_____DEPUTY

1

2

3

4   In re

5        William Brown II

6                        On Habeas Corpus.

)   Case No.: HC 5736
)
)   ORDER
)
)
)

7

8        On August 23, 2007, the court received from Petitioner a document entitled "Request for

9   Order – Access to Law Library and Issuance of Legal Materials."

10       Petitioner requests that the court issue an order allowing him access to the law library and

11  his "legal materials."

12       Petitioner's request for an order allowing access to law library and issuance of legal

13  materials is denied. Petitioner has not exhausted his administrative remedies. See *In re*

14  *Muszalski* (1975) 52 Cal.App.3d 500, 508.

15       On August 31, 2007, the court received from Petitioner a "Request for Extension of

16  Time."

17       Petitioner requests an extension of time to file his reply. Petitioner states that he is

18  without "his legal documents to this case."

19       Petitioner's request for an extension of time to file a reply is granted. Petitioner may file

20  a reply on or before October 15, 2007.

21       Since the court will need additional time to review this matter after Petitioner files a

22  reply, the court, on its own motion, extends time to issue a ruling to and including November 16,

23  2007. See California Rules of Court, Rule 4.551(h).

24

25

1      IT IS SO ORDERED.

2  Dated:  09-13-07

3

4                   Hon. Stephen A. Sillman
                     Judge of the Superior Court

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY<br><br>1200 Aguajito Road<br>Monterey, California 93940<br><br>**Brown, William Odessa,**<br>    Plaintiff/Petitioner<br><br>vs.<br><br>**Evans, M.S., et al,**<br>    Defendant/Respondent | *Reserved for Clerk's File Stamp*<br><br># FILED<br><br>JUL 2 3 2007<br><br>LISA M. GALDOS<br>CLERK OF THE SUPERIOR COURT<br>LISA DALIA  DEPUTY |
| --- | --- |
| **ORDER SETTING CASE MANAGEMENT CONFERENCE AND<br>ORDER TO SHOW CAUSE RE SANCTIONS AND DISMISSAL** | Case No. **M82457** |

This matter is set for a **CASE MANAGEMENT CONFERENCE** and an **ORDER TO SHOW CAUSE WHY SANCTIONS, INCLUDING DISMISSAL, SHOULD NOT BE ORDERED** for failure to follow Local Court Rules and/or the prior Order of the court for plaintiff's failure to furnish security deposit and failure to put case at issue.

This matter is set for **September 13, 2007**, at **9:15 am**, in **Courtroom 15** Monterey Superior Court, located at **1200 Aguajito Road, Monterey,** California 93940.

Case Management Statements **shall** be filed no later than fifteen (15) days prior to the date of hearing.

**An attorney/party knowledgeable in all aspects of the case shall be present.**

Date: ___JUL 2 3 2007___        **SUSAN M. DAUPHINÉ**
                        JUDGE OF THE SUPERIOR COURT

### CERTIFICATE OF MAILING
(Code of Civil Procedure Section 1013a)

I do hereby certify that I am not a party to the within stated cause, and that I deposited true and correct copies of the **Order to Show Cause** in sealed envelopes, with postage thereon fully prepaid, in the mail at Salinas, California, directed to each of the following named persons at their respective addresses, as hereinafter set forth:

William Brown
PO Box 705
Soledad, CA 93960-0705

Emily Brinkman
455 Golden Gate Avenue Suite 11000
San Francisco, CA 94102-7004

Date: ___JUL 2 3 2007___        Lisa M. Galdos, Clerk of the Court

                        **LISA DALIA**
                By: _____
                    Deputy Clerk

—26—    Page 1 of 1

# EXHIBIT COVER PAGE



B

EXHIBIT

Description of this Exhibit:

*Administrative Appeal*

*CTF-S 07-03679*

Number of pages to this Exhibit: _____ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☑ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

--17--

**CALIFORNIA DEPARTMENT OF CORRECTIONS**
**CORRECTIONAL TRAINING FACILITY - SOLEDAD**

**SUPPLEMENTAL PAGE**

<u>RE:</u>    Appeal Log No. CTF-S-07-03679
FIRST LEVEL RESPONSE
BROWN, W.             CDC: K93463        HOUSING UNIT: OW-241L

<u>**APPEAL DECISION:**</u>     **PARTIALLY GRANTED**
<u>**ISSUE APPEALED:**</u>       **LEGAL**

- Inmate Brown, K93463, stated that he has not been able to locate legal documents presumed lost after he was moved from CTF North to CTF Central to be placed in Administrative Segregation. Inmate Brown states that these documents were in the Library where there were scheduled to be copied. Inmate Brown states that CTF staff are responsible for these documents.

<u>**APPEAL RESPONSE:**</u>

Inmate Brown was interviewed by K. Kessler, Vice Principal of Education, on 11/5/07.

At the beginning of the interview, Inmate Brown stated that he had no library access since being placed in "O" wing. Based on documentation, it was clear that Inmate Brown was incorrect in his statement. When he was informed by K. Kessler that records indicated differently. Inmate Brown had no response.

According to records, Inmate Brown had access to the library on the following days:

8/13/07, 8/20/07, 8/27/07, 9/10/07, 9/24/07, and 10/01/07.

Moreover, Inmate Brown had access to two duel sessions, which allowed him 4 full hours of library access, on 8/20/07 and 8/27/07. Based on Inmate Browns untruthful remarks, it is clear that he does not acknowledge that by being allowed to double his time as an inmate housed in Administrative Segregation, he potentially impaired the efforts of another inmate to have fair and equal access to the library.

The documents that Inmate Brown states to have been lost by staff were likely removed from the Inmate Brown previous cell by the Whitney B removal team.

Based on the above, this appeal is **PARTIALLY GRANTED**.

1. In regard to the Inmate Brown's concern over his lost documents, it is **PARTIALLY GRANTED** that these documents should be found and returned to Inmate Brown. Inmate Brown should contact the Whitney B removal team and request that this information be located, and if found, returned per correctional procedures and policy.

2. It is **PARTIALLY GRANTED**, despite providing less than truthful information regarding a lack of library access, that Inmate Brown will continue to have fair and equal access to the library on a rotational basis.

D. Mac**k**
Acting Vice Principal

NOVEMBER 5, 2007

- /8-

K. S. Kessler
Acting Principal

NOV 2 8 2007

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

2ND LEVEL

Location: Institution/Parole Region     Log No.     Category

NOV 8 - 2007     10-5

1. _____     1. 07-03679

2. CTF-S     2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Brown Wm | 1693463 | | CW 74 |

M83511

A. Describe Problem: On the 16 Sept 07, Appellate was issued his property (Legal Documents) in Ad-Seg. Anyhow the Appellants entire case is missing, in which was in the library, (3rd Aug 2007) when I was removed by staff and placed in Ad-seg. Those documents were in the library at the time being copied to be served upon defendants - Summons & Complaint, Court Order's, etc., Case No. M83511, Monterey, Judge O'Farrell. The entire case and documents are missing. Staff is Responsible for those documents.

If you need more space, attach one additional sheet. N. Yard Law Library & see 114D Lockup order

B. Action Requested: Where are my Documents? Who Handled my Documents when I went to the hole? Locate, find those documents and return them to the Appellant forthwith. Where is my legal Documents? Accept liability for the loss of legal Documents.

Inmate/Parolee Signature: Wm Brown     Date Submitted: 23 Sept 2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

_____

_____

BYPASS

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim     CDC Appeal Number:

-19-

RECEIVED
NOV 27 2007
APPEALS

RECEIVED
NOV 1 2007
CTF APPEALS

RECEIVED
25 2007
CTF APPEALS

07-03679

CII APPEALS
RECEIVED

☐ First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: SEP 25 2007 Due Date: NOV 7 - 2007

Interviewed by: 

See attached

Staff Signature: DMcA Title: VP(A) Date Completed: 11/8/07

Division Head Approved: Returned

Signature: [signature] Title: Principal (A) Date to Inmate: 11/8/07 NOV 8 - 2007

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

I'm dissatisfied with response, you failed to address this Appeal. I didn't appeal access to law library. I am appealing the fact of lost Court Documents, Case No M83571. Had them on the 3rd Aug in the law library. What did staff do with my legal Documents. Where are my documents?!!

Signature: Wm Barr Date Submitted: 13 Nov 07

Second Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: NOV 14 2007 Due Date: DEC 14 2007

☐ See Attached Letter

Signature: [signature] Date Completed: 11/20/07

Warden/Superintendent Signature: [signature] Date Returned to Inmate: NOV 28 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Please See Attached

Your explanation to the Judge.

Signature: Wm Barr Date Submitted: 3 Dec 07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other 
☐ See Attached Letter

CDC 602 (12/87)

Date:

Third level Review

Apparently staff just cannot understand what
I'm saying to them about the lost court documents.

Staff lost the documents that I was having copied
on IV-Yard library on 3 Aug 2007, when this so called
Attempted Battery occurred. I was taken out of the
library in restraints and my legal documents to Case
No. 1983511 were left. This was all of my copies, orders
etc, etc, they were not returned to me. Where are my
documents?

For further information you can refer to the attached
Case Management Statement which has been submitted
with the Court.

I do believe that I'm being obstructed!
X
I have not once reffered to not having access to
the Law library in this appeal, so its obvious that staff is
avoiding the issue herein this appeal.

-20-

## CALIFORNIA DEPARTMENT OF CORRECTIONS
## CORRECTIONAL TRAINING FACILITY - SOLEDAD

### SUPPLEMENTAL PAGE

RE:        Appeal Log No. CTF-S-07-03679
           SECOND FORMAL LEVEL RESPONSE

**BROWN          K93463                        O Wing 241 L**

### APPEAL DECISION: PARTIALLY GRANTED

### INTERVIEWED

**You were interviewed by Academic Vice-Principal K. Kessler on November 5, 2007. At that time you were given the opportunity to address your concerns and to provide additional information.**

### ISSUE APPEALED: LEGAL

### ACTION REQUESTED:

You are requesting the following:

1. Provide access to the library.
2. Provide the requested copies.

### APPEAL RESPONSE:

During the interview with Mr. Kessler you stated that you have not been able to access the law library and that copies were either not made and or not received. You state that the Correctional Training Facility is responsible for these documents.

During your interview with Mr. Kessler you made at least one incorrect or inaccurate statement. You stated that you have not been granted access to the law library when in fact you have been given access on at least eight different occasions and you have received a large number (3,451) of legal copies.

A review of the library copy procedures was made. Records show that the copies you requested in September were made. The library staff was interviewed and they stated that the copies were delivered to Administrative Segregation (ADSEG), O Wing.
The ADSEG staff was also interviewed. Lt. K. Hoffman explained the procedures for distribution of mail and legal copies from the law library. The procedures are being followed. According to Lt. Hoffman you received the copies.

Inmate Parolee Appeal Log No. CTF-C-07-03679
Second Formal Level Response
Page 2 of 2

1. It is *granted* that you have access to the library according to the current operational procedures and that you have received 3,451 copies
2. It is *not granted* that you have not been given access to the law library.
3. It is also *not granted* that you have not received copies of your legal material.

Your appeal was appropriately *Partially Granted* at the First Formal Level.

Reviewed By: _____

G. Atchley, Principal
Correctional Education Programs
Correctional Training Facility

Approved By: _____

W. Cohen, Chief Deputy Warden
Correctional Training Facility

22

# *VERIFICATION*

## STATE OF CALIFORNIA
## COUNTY OF IMPERIAL

(C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, _William Brown_ DECLARE UNDER PENALTY OF PERJURY THAT: I AM THE _Plaintiff_ IN THE ABOVE ENTITLED ACTION; I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS _8_ DAY OF: _Feb_ 200_8_ AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002

(SIGNATURE) _Wm Brown_
(DECLARANT/PRISONER)

## *PROOF OF SERVICE BY MAIL*

(C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, _Wm Brown_ AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002, CALIPATRIA, CALIFORNIA #92233-5002.

ON _8 Feb_ 20_08_ I SERVED THE FOREGOING: _Plaintiffs Reply to Court Order to Show Cause_

*(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)*

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

USDC N. Dist CA
450 Golden Gate Ave
San Fran CA 94102

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: _8 Feb 2008_    _Wm Brown_
(DECLARANT/PRISONER)

-23-