IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ODESSA BROWN, II, | No. C 07-05770 CW (PR) |
|     Plaintiff, | ORDER OF DISMISSAL |
|   v. | |
| BEN CURRY, | |
|     Defendants.           / | |

    Plaintiff William Odessa Brown, II, a prisoner of the State of California, has filed this pro se civil rights action in which he seeks leave to proceed in forma pauperis.

    On January 31, 2008, in its Order (1) Vacating Order Dismissing Plaintiff Brown's Action Without Prejudice; (2) to Show Cause; and (3) Denying Request for Class Certification, the Court found Plaintiff had "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," and further found Plaintiff was not "under imminent danger of serious physical injury." See 28 U.S.C. § 1915(g). Consequently, the Court ordered Plaintiff to show cause why the action should not be dismissed pursuant to 28 U.S.C. § 1915(g). See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

    On February 15, 2008, Plaintiff filed a document entitled "Reply to Courts [sic] Order to Show Cause." Plaintiff contests

the Court's finding that he is not "under imminent danger of serious physical injury" within the meaning of § 1915(g). The Court has already determined that Defendants' alleged denial of Plaintiff's access to the law library does not put him at risk of "imminent danger of serious physical injury." Plaintiff offers no new facts that would call into question the correctness of the Court's determination, nor does he present any other basis to support a finding that he is under "imminent danger of serious physical injury."[1]

In sum, Plaintiff was given the opportunity to be heard on the question of whether the instant action is subject to dismissal under § 1915(g), see Andrews, 398 F.3d at 1120-21, and his response to the Court's Order to Show Cause fail to establish that § 1915(g) does not apply.

Accordingly, Plaintiff's action is hereby DISMISSED without prejudice to refiling his claims in a new case in which he pays the filing fee. Plaintiff's request to proceed in forma pauperis (docket no. 9) is DENIED pursuant to § 1915(g).

In the alternative, Plaintiff requests to voluntarily withdraw his complaint. (Response at 5.) Because this action is being dismissed under § 1915(g), Plaintiff's motion for voluntary dismissal is DENIED as unnecessary.

---

[1] In his response, Plaintiff states that he was "plac[ed] in waist restraints/hand cuffed while in a secured/locked holding cage for a period of two (2) hours or more." (Response at 3.) However, Plaintiff did not include such an allegation in his original complaint, and he has not filed an amended complaint. Therefore, the Court will not consider this allegation as a basis to support a finding that he is under "imminent danger of serious physical injury."

1   The Clerk of the Court shall enter judgment in accordance with
2   this Order and close the file.
3   IT IS SO ORDERED.

Dated: 5/1/08



CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WILLIAM BROWN et al,

        Plaintiff,

v.

BEN CURRY et al,

        Defendant.

Case Number: CV07-05770 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 1, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William Odessa Brown K-93463
CAL
P.O. Box 5002
Calipatria, CA 92233-5002

Dated: May 1, 2008

                                Richard W. Wieking, Clerk
                                By: Sheilah Cahill, Deputy Clerk